# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ASHTON OSLUND,<br><br>Defendant. | Criminal No. 03-151 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Nathan P. Petterson, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Robert D. Richman, P.O. Box 16643, St. Louis Park, MN 55416, for defendant.

Petitioner Richard Ashton Oslund is currently serving a life sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A), (e)(1), (j)(1). Oslund seeks to vacate the sentence under 28 U.S.C. § 2255, arguing that the Court imposed an illegal sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because Oslund's previous Minnesota second-degree burglary conviction is not a "violent felony." The Court will deny Oslund's motion.

## BACKGROUND

On October 26, 2004, a jury found Oslund guilty of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 ("Count I"), murder with a firearm during a robbery affecting interstate commerce in violation of 18 U.S.C. § 924 (c)(1)(A), (j)(1)

("Count II"), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(e) ("Count III"). *United States v. Oslund*, 453 F.3d 1048, 1051-52 (8th Cir. 2006). A probation officer prepared a presentence investigation report ("PSR") calculating a Guideline range of 240-months' imprisonment for the robbery conviction, 120-months'[1] to life imprisonment for the murder conviction, and a mandatory life sentence for the firearm conviction. (PSR ¶¶ 80-81 (on file with the Court).) As part of calculating the Guideline range, the PSR recommended Oslund qualified as an armed-career criminal under the ACCA because he had three prior "violent felon[ies] or serious drug offense[s]" committed in Minnesota: (1) second-degree sale of a controlled substance; (2) first-degree sale of a controlled substance; and (3) second-degree burglary. (*Id.* ¶¶ 33, 44-46.)

As recommended, U.S. District Judge James Rosenbaum found Oslund was an armed-career criminal under the ACCA based, in part, on his Minnesota second-degree burglary conviction. Oslund was sentenced to 240-months' imprisonment for the burglary, life imprisonment for the murder, and life imprisonment under the ACCA. (Am. J. in a Crim. Case at 2, Mar. 28, 2006, Docket No. 143.) Judge Rosenbaum concluded the robbery and ACCA convictions were "to run concurrently with each other" and the murder conviction was "imposed to run consecutively of all other counts."

---

[1] The Eighth Circuit noted that the PSR incorrectly found the statutory range was 60-months' imprisonment. *Oslund*, 453 F.3d at 1061 ("Paragraph 81 of the Presentence Investigation Report told the district court that the Guidelines range on Count 2 was five years to life, not recognizing that the recent amendments had increased the mandatory minimum from five years to ten years when a firearm is discharged.").

(*Id.*)  At sentencing, the judge stated that "it would be contrary to [the judge's] recommendation" if Oslund were ever released.  *Oslund*, 435 F.3d at 1061 (quoting Sentencing Tr. at 32, May 26, 2005, Docket No. 141).  Judge Rosenbaum also stated "that it was optimistic that Oslund would not be released" and that the judge was "placing [Oslund] in a position where" his conduct could not be repeated.  *Id.* (quoting Sentencing Tr. at 34-35).  The Eighth Circuit affirmed Oslund's convictions and sentence on direct appeal.  *Id.* at 1052.

On November 29, 2007, Oslund filed a section 2255 motion to vacate, modify, or correct his sentence and judgment arguing his trial counsel provided ineffective assistance.  (Mot. to Vacate, Modify, Evidentiary Hr'g, or to Correct the Sentence and J., Nov. 29, 2007, Docket No. 148.)  The Court denied Oslund's motion.  (Order Denying Mot. to Vacate, July 24, 2008, Docket No. 158.)

On June 23, 2016, Oslund filed a second section 2255 motion challenging his ACCA conviction in light of *Johnson*.  (*See* Appl. for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence, June 23, 2016, Docket No. 167.)  On August 30, 2016, the Eighth Circuit certified Oslund's section 2255 motion, holding the motion raised a new issue of constitutional law made retroactively available on collateral review.  (J. of USCA at 2, Aug. 30, 2016, Docket No. 169.)

# DISCUSSION

## I. RELEVENT LAW

Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

At issue here is the application of the ACCA. At the time of Oslund's conviction, the ACCA provided enhanced penalties for persons convicted of being a felon in possession of a firearm with three prior "violent felonies" as defined by the statute. 18 U.S.C. §§ 922(g), 924 (e)(1). The statute provided in relevant part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a **violent felony** . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .
>
> (2) As used in this subsection—
>
> . . .
>
> (B) the term ''violent felony'' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile

delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(1), (e)(2)(B). In *Johnson*, the Supreme Court held the "residual clause" – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – was unconstitutionally vague and thus held an enhanced sentence under the residual clause is unconstitutional. *Johnson*, 135 S. Ct. at 2557-58 (interpreting section 924(e)(2)(B)(ii)). And the Supreme Court held *Johnson* was retroactively available to petitioners on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

## II. PROCEDURAL ISSUES

In this case, it is undisputed that Oslund failed to challenge the constitutionality of the ACCA's residual clause at trial or on direct appeal. Thus, the Court must assess whether Oslund's section 2255 claim is procedurally barred.

### A. Waiver

In responding to a section 2255 motion, procedural default is an affirmative defense that can be waived if not properly raised. *Trest v. Cain*, 522 U.S. 87, 89 (1997) (holding that procedural default is an affirmative defense); *Jones v. Norman*, 633 F.3d 661, 666 (8th Cir. 2011) ("When a state fails 'to advance a procedural default argument,

such argument is waived." (quoting *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002)). But the Court has the authority to raise the procedural default issue *sua sponte* where the Government fails to raise it through "obviously inadvertent" omission, *King v. Kemna*, 266 F.3d 816, 821 (8th Cir. 2001), or an "obvious computational error," *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Here, at three stages of this proceeding, the Government did not raise procedural default, including the Government's: (1) initial response to Oslund's petition; (2) motion to stay briefing on Oslund's petition; and (3) briefing on the merits of Oslund's petition. Further, in their supplemental briefing on the issue, the Government concedes that "[i]f a defendant has a meritorious claim under *Johnson* . . . it is Department of Justice policy that prosecutors should waive all potentially applicable procedural bars that could be asserted to deny authorization to file a successive motion." (Supp. Briefing in Opp'n by U.S. at 2 n.1, Aug. 11, 2017, Docket No. 186.) Thus, the Government's repeated omission of the argument was not "obviously inadvertent," but instead pursuant to Department of Justice policy. *King*, 266 F.3d at 821. Accordingly, the Court finds the Government waived the procedural-default affirmative defense by strategically declining to raise that defense when addressing the merits of Oslund's claim.

### B. Cause & Prejudice

Even if the Government had not waived procedural default, the Court finds Oslund's claim is not procedurally barred. Section 2255 only addresses arguments not properly preserved at trial or raised on direct appeal if the petitioner can show either:

(1) cause for the failure to preserve the claim and prejudice from the claimed legal error; or (2) actual innocence.[2] *Bousely v. United States*, 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Here, Oslund established cause and prejudice to overcome the procedural bar.

1. **Cause**

A movant may establish cause by demonstrating that at the time of his or her appeal the claim was "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). In a section 2255 petition, the movant may establish cause by showing that a Supreme Court decision "overturn[s] a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Id.* at 17 (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)); *see also United States v. Pruitt*, No. 13-13, 2016 WL 6601642, at *2 (D. Minn. Nov. 7, 2016). Where a movant establishes that lower court authority almost unanimously foreclosed his or her claim at the time of appeal, "it follows that 'there will almost certainly have been no reasonable basis upon which an attorney previously could have urged' the lower court to adopt the position that

---

[2] In at least one case, the Government has conceded that a petitioner who "does not, in fact, have three qualifying predicate offenses is 'actually innocent' of being an armed career criminal." *United States v. Avery*, No. 02-113, 2017 WL 29667, at *5 & n.5 (D. Nev. Jan. 3, 2017) (citations omitted). Because the Court finds Oslund established cause and prejudice, the Court does not address whether Oslund is actually innocent of the crime. *See United States v. McClinton*, No. 15-252, 2017 WL 3381817, at *3 n.1 (D. Minn. Aug. 4, 2017).

the Supreme Court ultimately adopts." *United States v. Sabetta*, 221 F. Supp. 3d 210, 225 (D.R.I. 2016) (quoting *Reed*, 468 U.S. at 17).

The Supreme Court has emphasized that movants should be allowed to allege novel arguments established by recent Supreme Court precedents in section 2255 petitions because "a rule requiring a defendant to raise a truly novel issue is not likely to serve any functional purpose." *Reed*, 468 U.S. at 15. And if courts "were to hold that the novelty of a constitutional question does not give rise to cause for counsel's failure to raise it, we might actually disrupt [lower court] proceedings by encouraging defense counsel to include any and all remotely plausible constitutional claims that could, some day, gain recognition." *Id*. at 15-16.

But the Supreme Court has further established that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). And "adverse precedent in the relevant district" does not constitute cause, *United States v. Duval*, 957 F. Supp. 2d 100, 112 (D. Mass. 2013), only "longstanding and widespread practice" throughout a near-unanimous body of lower courts does. *Id.* (quoting *Reed*, 468 U.S. at 17).

At the time of Oslund's appeal, every court to consider the constitutionality of the ACCA's residual clause summarily held the clause was not unconstitutionally vague. *See United States v. Veasey*, No. 95-5060, 1995 WL 758439, at *2 (6th Cir. Dec. 21, 1995) (rejecting vagueness challenge to ACCA); *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) (rejecting vagueness challenge to § 924 (e)(1)); *United States v. Sorenson*, 914

F.2d 173, 174-75 (9th Cir. 1990) (denying void-for-vagueness argument challenging application of § 924(e)(1)).[3] While Oslund's appeal was pending, the Eighth Circuit considered a vagueness challenge to the ACCA's residual clause and perfunctorily held, "[w]e agree with every other circuit that has considered this argument and hold that it has no merit." *United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005). Other courts similarly recognized the "near-unanimous" rejection of vagueness challenges to the residual clause prior to *James v. United States*, 550 U.S. 192 (2007).[4]

In *James*, Justice Scalia *sua sponte* raised the argument that the ACCA's residual clause may be subject to a constitutional vagueness challenge. *Id*. at 210 n.6 ("While ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by Justice Scalia's suggestion – which was not pressed by James or his *amici* – that the residual provision is unconstitutionally vague."). Four years later, the Supreme Court decided *Sykes v. United States*, where Scalia again raised the issue without briefing from either party. 564 U.S. 1, 28 (2011) (Scalia, J., dissenting) ("We should admit that ACCA's residual provision is a drafting failure and declare it void for vagueness."). When the Supreme Court ultimately decided *Johnson*, it

---

[3] Courts had similarly denied the argument that Minnesota second-degree burglary was not a violent felony for purposes of the ACCA. *United States v Mohr*, 407 F.3d 898, 901 (8th Cir. 2005); *United States v. Blahowski*, 324 F.3d 592, 594-95 (8th Cir. 2003); *United States v. Hascall*, 76 F.3d 902, 905 (8th Cir. 1996); *United States v. Solomon*, 998 F.2d 587, 590-91 (8th Cir. 1993).

[4] *Avery*, 2017 WL 29667, at *4-5; *United States v. Johnson*, 227 F. Supp. 3d 1078, 1084 (N.D. Cal. 2016); *Sabetta*, 221 F. Supp. 3d at 226; *United States v. Aponte*, 208 F. Supp. 3d 347, 349 (D. Mass. 2016); *Duval*, 957 F. Supp. 2d at 113.

*sua sponte* ordered the parties to brief the issue, signaling that it was ready to address a *novel* issue that received consideration only after *James*. *Sabetta*, 221 F. Supp. 3d at 226 ("But *James* and *Sykes* opined about vagueness without full briefing or argument on that issue – a circumstance that leaves us 'less constrained to follow precedent[.]'" (alteration in original) (quoting *Johnson*, 135 S. Ct. at 2562 (2015))).

Here, Oslund's vagueness challenge was not a viable claim in any jurisdiction that had considered vagueness challenges to the residual clause at the time of his appeal. Additionally, while Oslund's appeal was pending, the Eighth Circuit declared that the argument was foreclosed both in the Eighth Circuit and all other circuits that had considered the issue. Accordingly, there existed a "longstanding and widespread practice," of rejecting vagueness challenges to the residual clause that had received "near-unanimous" approval from the lower courts. *Reed*, 468 U.S. at 17 (quoting *Johnson*, 457 U.S. at 551). The first viable vagueness challenge to the ACCA's residual clause did not occur until two years after Oslund's direct appeal when Justice Scalia *sua sponte* raised the issue in *James*. Thus, there is "'no reasonable basis upon which an attorney previously could have urged" the lower court "to adopt the position that [the Supreme] Court ultimately adopted" in *Johnson* with respect to Oslund's vagueness challenge. *Reed*, 468 U.S. at 17. The Court therefore finds cause to excuse Oslund's procedural default by failing to raise the argument on direct appeal.

## 2. Prejudice

A petitioner must also establish "actual prejudice" to excuse a procedural default. *Bousely*, 523 U.S. at 622. A petitioner may demonstrate prejudice by showing that there is a "reasonable probability that the result of his [sentence] would have been different" if he had raised the argument at sentencing. *Pruitt*, 2016 WL 6601642, at *2 (alteration in original) (quoting *Strickler v. Greene*, 527 U.S. 263, 289 (1999)). When a sentence is vacated on one count, the Court has the authority to resentence on all counts to achieve an appropriate punishment in light of the 18 U.S.C. § 3553(a) sentencing factors. *Greenlaw v. United States*, 554 U.S. 237, 252-55 (2008) (approving of the "sentencing package cases" where a petitioner successfully attacks a multicount indictment on some but not all counts of conviction, and the trial court on remand reconfigures the sentencing package to adequately satisfy the factors in section 3553(a)); *United States v. Smith*, 756 F.3d 1179, 1188-89 & ns.5-6 (10th Cir. 2014) ("Clearly, the § 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely." (quoting *United States v. Mendoza*, 118 F.3d 707, 710 (10th Cir. 1997))).

Here, Oslund has shown a fair chance that, but for the ACCA conviction, he may have received a shorter sentence. Although Oslund received a life sentence for murder, his statutory range for that offense was 120-months' to life imprisonment. *Oslund¸* 453 F.3d at 1060-61. Under the sentencing package doctrine, the Court considers these sentences to be interrelated, and finds a reasonable possibility that, without the mandatory life sentence, Oslund's sentence could have been different. Thus, Oslund demonstrated

prejudice by showing that there is reasonable possibility that he would have received a different sentence.

## III. MERITS

While the Court finds Oslund alleged sufficient facts to overcome the procedural default in this case, the Court will exercise its discretion and decline to consider the merits of Oslund's challenge. *See United States v. Olunloyo*, 10 F.3d 578, 581-82 (8th Cir. 1993) (applying "the concurrent-sentence doctrine" and declining to review a concurrent sentence); *United States v. Fletcher*, No. 11-193, 2016 WL 2642998, at *2 (D. Minn. May 9, 2016) ("[T]he concurrent-sentence doctrine . . . provides that a court need not reach the merits of a claim attacking fewer than all multiple concurrent sentences if success on the claim would not change the term of imprisonment.").[5]

On direct appeal, Oslund challenged his sentence on the ground that the Court unconstitutionally applied the Guidelines as mandatory. *Oslund*, 453 F.3d at 1060. The Eighth Circuit rejected Oslund's argument, holding that any error "committed by application of the Guidelines as mandatory [was] harmless." *Id.* at 1061. The Eighth Circuit reasoned that the sentencing judge would have imposed a life sentence, regardless of the Guideline range, because the judge "had the ability on Count 2 [the murder

---

[5] The Court recognizes that Judge Rosenbaum sentenced Oslund to two consecutive, not concurrent, life sentences. But the Eighth Circuit has affirmed the application of the concurrent-sentence doctrine where a petitioner is serving a consecutive life sentence. *Barnes v. United States*, No. 99-4240, 2000 WL 889838 (8th Cir. July 5, 2000) (affirming where the district court applied the concurrent-sentence doctrine because the petitioner was "already serving a life sentence" for a conviction in another case). Here, while technically consecutive, Oslund's two life sentences are in essence concurrent.

conviction] . . . to sentence Oslund anywhere within th[e] range of ten years to life, but declined to exercise that discretion in Oslund's favor." The Eighth Circuit noted that, instead, "the [C]ourt imposed the longest sentence available to it" – life imprisonment. *Id.*

Based upon this previous Eighth Circuit holding, the Court finds applying the concurrent-sentence doctrine is justified. Without the ACCA conviction, Oslund is still required to serve a life sentence for the murder conviction. (Am. J. in a Crim. Case at 2.) And extensive evidence in the record indicates Judge Rosenbaum would have imposed the same sentence without the ACCA conviction. *See Oslund*, 453 F.3d at 1061 (noting that Oslund's release "'would be contrary to [the Court's] recommendation'" (quoting Sentencing Tr. at 32)). Accordingly, while Oslund set forth a valid *Johnson* challenge,[6] the resulting sentence for the murder conviction would remain the same.

---

[6] The Court notes its view on the Government's challenges to Oslund's *Johnson* arguments. First, a burglary statute only qualifies under the enumerated clause where the defendant "inten[ded] to commit a crime at the time of the unlawful or unprivileged entry or the initial 'remaining in' without consent." *United States v. McArthur*, 850 F.3d 925, 939 (8th Cir. 2017). The Eighth Circuit held Minnesota's third-degree burglary statute did not qualify under the enumerated clause because the statute provided that "whoever enter[ed] a building without consent and steals or commits a felony or gross misdemeanor" constituted culpable conduct – and by definition did not require entering a building with intent to commit a crime. *See id.* at 938-39. Minnesota's second-degree burglary statute contains substantially similar language and, therefore, does not qualify as a "violent felony" under the enumerated clause. *See United States v. Pettis*, No. 15-0233, 2016 WL 5107035, at *1-2 (D. Minn. Sept. 19, 2016). Further, the alternatives in Minnesota's second-degree burglary statute are "means" rather than "elements" under *Mathis* and *McArthur*, and, therefore, the Court need not assess the divisibility of the statute.

Second, while at sentencing the judge did not explicitly state that he applied the residual clause when finding Oslund's second-degree burglary conviction was a "violent felony," where the record is unclear the petitioner must only show that section 924 does not authorize the

(Footnote continued on next page.)

## IV. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to either issue or deny a certificate of appealability when entering a final order adverse to a section 2255 petitioner. "A [certificate of appealability] should issue if the [petitioner] has 'made a substantial showing of the denial of a constitutional right.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting 28 U.S.C. § 2253(c)(2)). A petitioner makes a "substantial showing" if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that a reasonable jurist could find the issues raised in Oslund's motion debatable or that some other court could decide the issues differently. The Court, therefore, grants a certificate of appealability and encourages an appeal.

_____
(Footnote continued.)

sentence imposed after the Supreme Court's decision in *Johnson*. *In re Chance*, 831 F.3d 1335, 1341-42 (11th Cir. 2016). A majority of courts have adopted this analysis. *See, e.g.*, *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017); *United States v. Willis*, No. 11-13, 2017 WL 1288362, at *2 (D. Minn. Apr. 6, 2017); *Maxwell v. United States*, No. 16-249, 2017 WL 690948, at *2 (E.D. Mo. Feb. 21, 2017); *Avery*, 2017 WL 29667, at *7-8; *Givens v. United States*, No. 16-1143, 2016 WL 7242162, *4 (E.D. Mo. Dec. 15, 2016); *Bevly v. United States*, No. 16-965, 2016 WL 6893815, at *1, (E.D. Mo. Nov. 23, 2016); *United States v. Wolf*, No. 04-347, 2016 WL 6433151, at *3-4 (M.D. Pa. Oct. 31, 2016); *United States v. Ladwig*, 192 F. Supp. 3d 1153, 1158-59 (E.D. Wash. 2016); *Villanueva v. United States*, 191 F. Supp. 3d 178, 183-84 (D. Conn. 2016).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Petitioner Richard Ashland Oslund's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct [Docket No. 167] is **DENIED**.

2. For the purposes of appeal, the Court **GRANTS** a certificate of appealability under 28 U.S.C. § 2253(c)(2).

DATED: October 13, 2017　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court