UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD ASHTON OSLUND, | Crim. No. 03-151 (JRT/FLN) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Erica H. MacDonald, United States Attorney, Lisa D. Kirkpatrick and Andrew R. Winter, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for petitioner.

Richard D. Richman, P.O. Box 16643, St. Louis Park, MN 55416, for respondent.

Petitioner Richard Oslund brought a motion under 28 U.S.C § 2255, challenging his sentence under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). Oslund asserts that, at his sentencing in 2004, the court relied on the unconstitutional residual clause of the Armed Career Criminal Act ("ACCA") to find that his prior conviction for second-degree burglary was a violent felony. The Court found that Oslund brought a valid challenge under *Johnson* but denied his motion under the concurrent-sentence doctrine. On appeal, the Eighth Circuit remanded to this Court to determine whether Oslund has shown by a preponderance of the evidence that that the sentencing court relied on the residual clause of the ACCA in finding that his prior second-degree burglary conviction was a violent

1

felony. Based on a thorough review of the record and the relevant background legal environment, the Court will find that he has.

## BACKGROUND

In 2004, Oslund was convicted by a jury of three Counts: (I) Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951; (II) Murder with a Firearm During a Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 924 (c)(1)(A), (j)(1); and (III) Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). *United States v. Oslund*, No. CR 03-151 (JRT/FLN), 2017 WL 4621280, at *1 (D. Minn. Oct. 13, 2017).

At the time of Oslund's sentencing, the ACCA provided that a person convicted of being a felon in possession of a firearm with three prior convictions for serious drug offenses or violent felonies was subject to a sentencing enhancement. 18 U.S.C. §§ 922(g), 924(e)(1). The ACCA defined "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another** . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The "otherwise" clause of § 924(e)(2)(B)(ii) is also known as the "residual clause."

2

In accordance with the recommendation in the presentence investigation report, U.S. District Judge James Rosenbaum found that Oslund was an armed career criminal under the ACCA based on three prior convictions: (1) second-degree sale of a controlled substance; (2) first-degree sale of a controlled substance; and (3) second-degree burglary. *Oslund*, 2017 WL 4621280, at *1. Applying the sentencing enhancement for armed career criminals, Judge Rosenbaum sentenced Oslund to a term of life imprisonment for Count III. *Id.* He also sentenced Oslund to 240 months' imprisonment for Count I (robbery) and an additional term of life imprisonment for Count II (murder). *Id.* Judge Rosenbaum ordered that Oslund's life sentence for murder would run consecutively to his sentence for the other Counts. *Id.* In finding that Oslund's prior conviction for second-degree burglary was a "violent felony," Judge Rosenbaum did not specify whether he relied on the ACCA's enumerated offenses clause or the residual clause. *Id.* at *6, n.6.

Oslund appealed his convictions and sentencing on several grounds, and the Eighth Circuit affirmed. *United States v. Oslund*, 453 F.3d 1048 (8th Cir. 2006), *cert. denied*, 549 U.S. 1088 (2006). In 2007, Oslund brought a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Oslund*, 2017 WL 4621280, at *2. The court denied the motion. *Id.*

In 2015, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in violation of due process. *Johnson*, 135 S. Ct. at 2557. The Supreme Court subsequently held that the rule announced in *Johnson* was retroactive upon collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

In June 2016, Oslund filed a second § 2255 motion (the "Motion"), this time challenging his ACCA sentencing enhancement under *Johnson*. *Oslund*, 2017 WL 4621280, at *2. The Eighth Circuit held that Oslund made a prima facie showing that his Petition satisfied § 2255(h)(2) because the record available did not show whether the sentencing court found that Oslund's second-degree burglary was a "violent felony" based on the residual clause or the enumerated offenses clause of 18 U.S.C. § 924(e). (J. of USCA at 1-2, Aug. 30, 2016, Docket No. 169.) Accordingly, the Eighth Circuit granted Oslund authorization to file his successive § 2255 motion. (*Id.*)

In October 2017, the Court denied Oslund's Motion. *Oslund*, 2017 WL 4621280, at *7. Although the Court found that Oslund had set forth a valid challenge under *Johnson*, it declined to consider the merits of the Motion under the concurrent-sentence doctrine. *Id.* at *5. In finding that Oslund had made a valid challenge under *Johnson*, the Court relied on *United States v. McArthur*, 850 F.3d 925, 939-940 (8th Cir. 2017), where the Eighth Circuit held that Minnesota's third-degree burglary statute was broader than the generic definition of burglary set forth in *Taylor v. U.S.*, 495 U.S. 575 (1990), and therefore did not qualify under the ACCA's enumerated offenses clause.[1] *Id.* at *6 n.6. Because Minnesota's second-degree burglary statute, Minn. Stat. § 609.582, subd. 2, contained similar language, the Court found that it also did not qualify as a "violent felony" under the enumerated clause. *Id.* The Court stated that, "while at sentencing the judge did not

---

[1] Under *Taylor*, "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599.

4

explicitly state that he applied the residual clause when finding [that] Oslund's second-degree burglary conviction was a 'violent felony,' where the record is unclear the petitioner must only show that Section 924 does not authorize the sentence imposed" under *Johnson*. *Id.* (collecting cases).

Oslund appealed the denial of his Motion on October 23, 2017. (Notice of Appeal, Oct. 23, 2017, Docket No. 191.) While his appeal was pending, the Eighth Circuit held that a petitioner relying on *Johnson* must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018). In so holding, the Eight Circuit stated that "[t]he mere possibility that the sentencing court relied on the residual clause is insufficient to satisfy" the petitioner's burden of "showing that he is entitled to relief under § 2255." *Id.* (citing *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018); *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) (per curiam)).

Following *Walker*, the Eighth Circuit remanded to this Court to determine whether Oslund has shown by a preponderance of the evidence that the sentencing court relied on the residual clause in Oslund's case. *Oslund v. United States*, 751 F. App'x 961, 962 (8th Cir. 2019). The Eighth Circuit did not consider application of the concurrent-sentence doctrine. *Id.*

## DISCUSSION

The Court must determine whether Oslund has shown by a preponderance of the evidence that the sentencing court relied on the residual clause of the ACCA when classifying Oslund's prior conviction for second-degree burglary as a violent felony.

5

Because the sentencing court in this case did not indicate whether it relied on the enumerated offenses clause or the residual clause, the Court will consider the relevant background legal environment. *See Walker*, 900 F.3d at 1015 ("Where the record or an evidentiary hearing is inconclusive, the district court may consider 'the relevant background legal environment at the time of . . . sentencing' to ascertain whether the movant was sentenced under the residual clause." (quoting *Washington*, 890 F.3d at 896)).

At the time of Oslund's sentencing, the Eighth Circuit had not yet decided whether Minnesota's burglary statute satisfied the generic definition of burglary set out in *Taylor*. The government nonetheless argues that, prior to *McArthur*, courts and parties assumed that Minnesota burglary fell within the scope of the generic definition. Notably, in *McArthur*, the Eighth Circuit explicitly rejected the argument that it had previously held that Minnesota burglary qualified as a violent felony under the enumerated offenses clause:

> The government argues that we have ruled already that convictions under § 609.582, subd. 3, qualify as violent felonies. But the cases on which the government relies are inapposite. The decision in *United States v. Sonczalla*, 561 F.3d 842, 846 (8th Cir. 2009), concerned an earlier version of the third-degree burglary statute, enacted in 1986, that did not contain the second alternative in the current statute. *See* Minn. Stat. Ann. § 609.582, subd. 3 (1986). *United States v. Constantine*, 674 F.3d 985, 990 (8th Cir. 2012), did hold that § 609.582, subd. 3, "qualifies as a 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii)." But *Constantine* cited *Sonczalla*, which involved the 1986 statute and thus addressed only one of the two statutory alternatives. *Constantine* also relied on precedent suggesting that burglary convictions qualified as violent felonies under the "residual clause" of § 924(e)(2)(B)(ii), *id.*, but the Supreme Court later declared the residual clause unconstitutional.

*McArthur*, 850 F.3d at 938.

As Oslund points out, while the Eighth Circuit did treat an earlier version of Minnesota's burglary statute as falling within the enumerated offenses clause in *Sonczalla* and *Constantine*, those cases were decided **after** Oslund's sentencing and thus provide little insight into the relevant legal environment when he was sentenced. The same is true of the district court cases cited by the government, which were decided after *Constantine*. *See United States v. Pape*, No. 12-CR-0251, 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017); *White v. United States*, No. CR 13-0041, 2016 WL 8970338, at *1 (D. Minn. June 23, 2016); *Crandall v. United States,* No. CR 02-190, 2016 WL 3512137 (D. Minn. June 22, 2016). Those cases establish only that some courts after *Sonczalla* and *Constantine* treated Minnesota burglary as falling within the enumerated offenses clause of § 924(e).[2] The Court will therefore turn to discussion of the residual clause at the time of Oslund's sentencing to determine whether the sentencing court could have relied on that clause and, if so, whether it is more likely than not that it did.

In *United States v. Solomon*, the Eighth Circuit held that, "in the context of the definition of second-degree burglary," attempted second-degree burglary "carries a serious potential risk of physical injury to another" and thus was a violent felony under the residual clause of § 924(e). 998 F.2d 587, 590 (8th Cir. 1993). Later, in *United States v. Hascall*,

---

[2] The government also cites *DeRoo v. United States*, where the Eighth Circuit stated that "burglary is considered a violent felony under [§ 924(e)]." 223 F.3d 919, 926 (8th Cir. 2000). However, the court in *DeRoo* stated only that it relied on § 924(e), not whether it relied on the enumerated offenses clause or the residual clause. Similarly, in *United States v. Rodriguez*, the court merely noted that the petitioner did not contest that his prior convictions for third-degree burglary in Minnesota were violent felonies under § 924(e). No. C2-89-56, 1998 WL 1780629, at *1 (D.N.D. Oct. 15, 1998).

the court relied on *Solomon* to hold that second-degree burglary of a commercial building was a violent felony under the "otherwise clause" of U.S.S.G. § 4B1.2.[3] *Hascall*, 76 F.3d 902, 904 (8th Cir. 1996). The court explained that "[s]econd-degree burglary is at least as dangerous as attempted second-degree burglary" and that "[t]he otherwise clause of section 4B1.2 is identical to the [residual] clause of section 924(e)." *Id.* The court thus made clear that it considered second-degree burglary to be a violent felony under the residual clause of § 924(e) and the otherwise clause of § 4B1.2.[4]

Finally, the Court finds it significant that, in the period after *Taylor* and before *Constantine*, courts in this circuit did not explicitly address whether Minnesota burglary fit within the generic definition set out in *Taylor*. The Court agrees with Oslund that, because *Hascall* and *Solomon* identified Minnesota burglary as a violent felony under the residual clause, courts at the time of Oslund's sentencing could forego considering whether it also fit within the generic definition.

As such, the background legal environment shows that Minnesota second-degree burglary was considered a "violent felony" under the residual clause at the time of Oslund's sentencing in 2005. The background environment does not show with the same clarity that Minnesota burglary was also considered a violent felony under the enumerated offenses

---

[3] The government argues that *Hascall* is inapposite because it involved commercial burglary rather than burglary of a dwelling. The Court disagrees. The court in *Hascall* relied on its prior holding that attempted second-degree burglary in Minnesota is a violent felony under the residual, or "otherwise" clause, of § 924(e). 76 F.3d at 904 (citing *United States v. Solomon*, 998 F.2d 587, 590 (8th Cir. 1993)). *Hascall's* finding that commercial burglary was also a violent felony was an extension of *Solomon's* holding, not a limitation of it. *See id.*

[4] *See also United States v. Mohr*, 407 F.3d 898, 901 (8th Cir. 2005) ("Our court has reasoned that since burglary always creates a serious potential risk of physical injury to another, it qualifies as a crime of violence.") (internal quotations omitted).

clause. Accordingly, the Court finds that Oslund has demonstrated that it is more likely than not that the sentencing court relied on the residual clause in applying the ACCA's sentencing enhancement.[5]

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, the Court finds that Petitioner Oslund has demonstrated by a preponderance of the evidence that the sentencing court relied on the residual clause in finding that his prior conviction for second-degree burglary was a "violent felony" under § 924(e) and in applying the ACCA's sentencing enhancement.

**ORDER**

The Clerk of Court is directed to transmit this Memorandum Opinion to Michael E. Gans, Clerk of Court for the Eighth Circuit Court of Appeals, for review by the panel considering this case.

DATED: July 17, 2019                 ____s/John R. Tunheim____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                            Chief Judge
                                        United States District Court

---

[5] The Court will not reconsider its findings with respect to the concurrent sentence doctrine at this time.